**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4495**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SANTOS MAXIMINO GARCIA, a/k/a Curley,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge. (8:05-cr-00393-DKC-11)

Submitted:  March 27, 2012          Decided:  April 6, 2012

Before KING, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Robert K. Hur, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Santos Maximino Garcia was convicted of one count of conspiracy to participate in a racketeering activity, in violation of 18 U.S.C. § 1962(d)(2006) ("RICO"). On appeal, Garcia challenges (1) the expert testimony offered by an investigator; (2) the admission of his statements and testimony regarding an assault in which he was a participant; (3) the district court's decision to allow two witnesses to testify anonymously; and (4) the sentence. Finding no error, we affirm.

Garcia contends that the district court erred in permitting unqualified testimony from an expert witness. Because he did not object at trial, review is for plain error. Under plain error review, this court can correct an error only when the Appellant shows that (1) there was error, (2) the error was plain, (3) the error affected the Appellant's substantial rights and (4) the error seriously affects the fairness, integrity or public reputation of the proceedings. United States v. Marsh, 130 S. Ct. 2159, 2164 (2010).

We review the district court's evidentiary rulings for abuse of discretion. United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of

2

discretion, relies on erroneous factual or legal premises, or commits an error of law." United States v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007). Under Fed. R. Evid. 702, expert testimony is admissible if it will assist the trier of fact and is (1) "based on sufficient facts or data," (2) "the product of reliable principles and methods," and (3) "the expert has reliably applied the principles and methods to the facts of the case."

This court has approved police officers and investigators testifying as experts in a particular field, even when the expertise is gained through impermissible hearsay. See, e.g., United States v. Wilson, 484 F.3d 267, 275 (4th Cir. 2007); see also United States v. Roach, 582 F.3d 1192, 1206-07 (10th Cir. 2009) (collecting cases). In fact, we found no error with the district court's decision to allow three members of law enforcement, including the expert at issue in this instance, to testify as experts on gangs and MS-13 in particular. See United States v. Ayala, 601 F.3d 256 (4th Cir.), cert. denied, 131 S. Ct. 262 (2010).[1]

Here, Garcia fails to point to any testimony offered by the expert that was improper or in violation of the Confrontation Clause or the rule announced in Crawford v.

---

[1] Ayala was indicted along with Garcia.

3

Washington, 541 U.S. 36 (2004). He also fails to acknowledge that the witness was permitted to testify as a fact witness only after completing his direct testimony as an expert and after the district court properly instructed the jury on the significance of the two types of testimony offered by the witness and how to evaluate the testimony. We have considered Garcia's arguments and conclude there was no error, much less plain error.

Garcia also contends the court erred in permitting a witness to testify to statements he made while in jail and to an assault in which he was a participant. Garcia claims the testimony about the assault was evidence of other crimes and was improper in light of Fed. R. Evid. 404(b). Rule 404(b) applies to extrinsic evidence. Testimony regarding the assault of a rival gang member was clearly intrinsic to the charged crime and permissible. Acts intrinsic to the crime are not subject to Rule 404's restrictions. United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009). "Evidence of uncharged conduct is not other crimes evidence subject to Rule 404 if the uncharged conduct arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial." Id. (internal quotation marks omitted). "Other criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were

4

necessary preliminaries to the crime charged." United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996) (internal quotation marks omitted). In other words, evidence "is intrinsic if it is necessary to provide context relevant to the criminal charges." Basham, 561 F.3d at 326 (internal quotation marks omitted). Clearly, evidence that Garcia participated in an assault of a rival gang member was intrinsic to the charged conspiracy.

We further conclude there was no error in allowing the same witness to testify as to statements Garcia made while detained. See Fed. R. Evid. 801(d)(2)(a). There is also no requirement Garcia receive notice about the testimony. He fails to show any other testimony coming from the cooperating witness that was improper.

Garcia also challenges the district court's decision to permit two witnesses to testify anonymously. This issue was resolved in United States v. Ramos-Cruz, 667 F.3d 487 (4th Cir. 2012). Ramos-Cruz was charged in the same indictment and was tried along side Garcia. We concluded that the court did not err permitting the two witnesses to testify anonymously.[2]

Garcia also challenges his 384 month term of imprisonment, claiming it was above the statutory maximum and

---

[2] This appeal was placed in abeyance for United States v. Argueta, No. 10-4375, 2012 WL 941533 (4th Cir. Mar. 21, 2012) (unpublished), which concerned itself with the same issue.

that the statutory maximum was determined in an earlier trial involving two other co-conspirators. Garcia was convicted under 18 U.S.C. § 1962. Under 18 U.S.C. § 1963(a) (2006), the maximum sentence for a violation of § 1962 is twenty years' imprisonment, "or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment[.]"

Unlike the first trial Garcia references, Garcia was on notice that the pattern of racketeering activity involved multiple cases of first degree murder. Furthermore, the jury found beyond a reasonable doubt that first degree murder was an object of the RICO conspiracy. Under Maryland law, a defendant may receive a life sentence for first degree murder. Md. Code Ann., Crim. Law § 2-201 (Michie 2002). Accordingly, based on the jury's verdict, Garcia's sentence was not above the statutory maximum.

We affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6